IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RONALD DEXTER RADFORD,

    Plaintiff,

vs.                      CIVIL ACTION NO.: CV605-029

HUGH SMITH, Warden, and
JIMMY KENNEDY, Library Supervisor,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Georgia State Prison in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C.A. § 1983 contesting the conditions of his confinement. A prisoner proceeding *in forma pauperis* in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C.A. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that he has been denied access to the courts because he has been unable to obtain legal forms. Plaintiff also asserts that personnel in the mailroom confiscated some of his legal materials, which also denied him access to the courts. Plaintiff names as Defendants Hugh Smith, the Warden at Georgia State Prison, and Jimmy Kennedy, the Library Supervisor.

However, Plaintiff has failed to set forth any facts which indicate that either of these Defendants violated his constitutional rights. A Plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has not met this requirement, his Complaint should be dismissed.

Additionally, to the extent Plaintiff contends that Defendants Smith and Kennedy are vicariously liable for the alleged violations of his constitutional rights based on their

2

supervisory positions, this assertion is without merit. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. <u>Braddy v. Fla. Dep't of Labor and Employment Sec.</u>, 133 F.3d 797, 801 (11th Cir. 1998).

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1915. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C.A. §§ 1915 (e)(2)(B)(ii) and 1915A(b).

So **REPORTED** and **RECOMMENDED**, this 7th day of June, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

RADFORD )

vs ) CASE NUMBER CV605-29

SMITH, ET AL )
) DIVISION STATESBORO

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 6/6/05 , which is part of the official record of this case.

Date of Mailing: 6/7/05

Date of Certificate ☒ same date, or _____

Scott L. Poff, Clerk

By: _Sherry Taylor_
Sherry Taylor, Deputy Clerk

**Name and Address**

Ronald Radford, GDC 46359, Georgia State Prison, 2164 GA Highway 147, Reidsville, GA 30499

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate