IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RONALD DEXTER RADFORD,

    Plaintiff,

vs.

HUGH SMITH, Warden, and
JIMMY KENNEDY, Library Supervisor,

    Defendants.

CIVIL ACTION NO.: CV605-029

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Defendants Smith and Kennedy ("Defendants") filed a Motion for Summary Judgment, and Plaintiff filed a Response. Plaintiff filed two (2) separate Motions for Summary Judgment, which largely appear to be responsive to Defendants' Motion for Summary Judgment. For the following reasons, Defendants' Motion for Summary Judgment should be **GRANTED**, and Plaintiff's Motions should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff contends that Jimmy Kennedy, the library supervisor at Georgia State Prison, refused to give him the forms he needed in order to file an appeal with the United States Supreme Court. Plaintiff contends that he was unable to file an appeal with the Supreme Court, which prejudiced his cause of action. Plaintiff also asserts that Hugh Smith, the Warden at Georgia State Prison, improperly denied his grievance on this matter by stating that Plaintiff did not file his grievance within the time limits. Plaintiff asserts that Defendants' actions denied him his constitutional right of access to the courts.

Defendants allege that, though Plaintiff was initially denied the certiorari materials he requested, he did receive them approximately two (2) weeks after his first request. Defendants contend that Plaintiff did not comply with institutional rules with his first request for these materials but did with his second request, and Plaintiff was then provided with his requested materials. Defendants also contend that Plaintiff's grievance pertaining to this matter was denied as being untimely filed; however, prison officials determined that Plaintiff's grievance was improperly denied, and he was permitted to file another grievance.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the

2

moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

I.  **Plaintiff has not Shown That he Suffered an Actual Injury to his Pursuit of a Non-Frivolous Cause of Action.**

Defendants contend that Plaintiff cannot show that he has been denied access to the courts. Defendants aver that Plaintiff was provided with his requested forms two weeks after his original request; therefore, Plaintiff was not denied these forms. Defendants also aver that Plaintiff failed to show that a cause of action was harmed in any way by the delay in receiving his requested forms. Defendants assert that Plaintiff has not established that he had an action pending which could be appealed to the United States Supreme Court. Defendants also assert that Plaintiff fails to show how Defendant Smith's delay in responding to Plaintiff's grievance on this matter denied him access to the courts.

Plaintiff contends that the library staff sent him his case law requests, but he did not receive the certiorari forms. Plaintiff alleges that he was not required to provide a case number to receive his requested forms. Plaintiff also alleges that, because Defendant

3

Kennedy did not provide him with the certiorari forms, he could not appeal his conviction to the United States Supreme Court.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822, 97 S. Ct. 1491, 1495, 52 L. Ed. 2d 72 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822, 97 S. Ct. at 1495. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendants' actions hindered his ability to pursue a non-frivolous claim. Christopher, 536 U.S. at 415, 122 S. Ct. at 2186-87; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). The pursuit of claims which are protected are those in which a plaintiff is attacking his sentence, directly or collaterally, or challenging the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343, 355, 116 S. Ct. 2174, 2182, 135 L. Ed. 2d 606 (1996). There is no issue of material fact when the non-moving party has failed to prove the existence of an element essential to his case. Regions Bank v. Provident Bank, Inc., 345 F.3d 1267, 1279 (11th Cir. 2003). "Actual injury" is an essential element to a claim asserting the denial of access to the courts. See Christopher, 536 U.S. at 415, 122 S. Ct. at 2186-87.

Plaintiff has failed to establish the existence of a genuine issue of material fact as to whether he was unconstitutionally denied access to the courts. While Plaintiff asserts

4

that Defendant Kennedy did not provide him with the certiorari forms he requested and that he could not appeal his conviction to the United States Supreme Court, Plaintiff provides absolutely no evidence to support this assertion. In addition, even accepting Plaintiff's assertion as true, he fails to establish that his alleged appeal was not frivolous or that he was harmed by not being able to file an appeal of his conviction to the United States Supreme Court or by not being able to file an untimely appeal with the Supreme Court. Moreover, despite Plaintiff's contention to the contrary, Defendants' evidence reveals that Plaintiff requested forms to file a writ of certiorari to the United States Supreme Court and was informed that he had to have a case to appeal to the Supreme Court before he would be provided with these forms. (Defs.' Att. A.) Plaintiff requested these forms a second time by stating that he was appealing his case, which already went to the Eleventh Circuit; Plaintiff received the forms as a result of this request. (Defs.' Att. B.) Plaintiff does not establish how Defendant Smith's alleged delay in responding to his grievance prejudiced him in the pursuit of his alleged appeal to the Supreme Court. Plaintiff has failed to show that he suffered an actual injury in the pursuit of a non-frivolous case. Defendants are entitled to summary judgment on this ground.

II.     **Plaintiff Does not State a Cognizable Claim Against Defendant Smith Regarding Defendant Smith's Alleged Failure to Respond to a Grievance.**

Defendants contend that Plaintiff has no constitutional right to a grievance procedure, and, as a result, the lack of a response or the denial of grievance, even if improper, cannot be remedied through a section 1983 cause of action. Plaintiff asserts that Defendant Smith delayed doing anything about his grievance because Defendant Smith knew that a new procedure was going to be implemented and that all grievances

5

filed before this new procedure became effective would be closed at the administrative level.

The Due Process Clause of the Fourteenth Amendment provides no state "shall ... deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend XIV, § 1. "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir. 2006). "An inmate states a cognizable claim for the deprivation of his procedural due process rights under the Fourteenth Amendment when he alleges the deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process." Id. There is no right to a particular type of process in the handling of prison grievances. See Wildberger v. Bracknell, 869 F.2d 1467, 1467-68 (11th Cir. 1989).

The undersigned did not order service of Plaintiff's Complaint based on any due process claim. However, to the extent Plaintiff's claim that Defendant Smith delayed in responding to his grievance pertaining to the alleged denial of his requested forms could be considered a due process violation, Plaintiff likewise fails to overcome his burden. While Plaintiff's first grievance was denied as being untimely filed, he was permitted to file another grievance after it was determined that Plaintiff's first grievance was improperly denied. Even if what Plaintiff alleges is true, he has failed to show that Defendant Smith deprived him of his right to due process. Plaintiff does not have a constitutionally protected right to have access to a grievance procedure or to receive a response to his grievance in what he would consider to be an appropriate time frame. Defendants are entitled to

6

summary judgment to the extent that Plaintiff set forth a due process claim in his original Complaint.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment (Doc. No. 21) be **GRANTED** and that Plaintiff's Motions for Summary Judgment (Doc. Nos. 27 and 34) be **DENIED**. Plaintiff Complaint should be **dismissed**.

**SO REPORTED** and **RECOMMENDED**, this 27th day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)